Bruce Thomson, as Trustee of the Trust Under the Last Will and Testament of Emma L. Batz, Deceased, Plaintiff, v. William H. Ricks, Individually and as Administrator With the Will Annexed of the Estate of Lillian Wilhelmina Batz Stice, Deceased, Defendant.

Bruce Thomson, as Trustee of the Trust Under the Last Will and Testament of Emma L. Batz, Deceased, Plaintiff-Appellee, and William H. Ricks, Individually and as Administrator With the Will Annexed of the Estate of Lillian Wilhelmina Batz Stice, Deceased, Defendant-Appellee, v. Lawrence Crawford, Jr., and Carol Crawford, Intervening Defendants-Appellants.

Gen. No. 10,221.

Third District.

May 15, 1959.

Released for publication June 2, 1959.

Sorling, Catron & Hardin, of Springfield, for intervening defendants-appellants.

William T. Wilson, of Jacksonville, for plaintiff-appellee.

PRESIDING JUSTICE ROETH delivered the opinion of the court.

On September 7, 1955, Bruce Thomson, as Trustee under the last will and testament of Emma L. Batz, filed an amended complaint for accounting against W. H. Ricks as administrator with the will annexed of the estate of Lillian Batz Stice. This amended complaint discloses that Emma L. Batz died in 1936 leaving a last will and testament which was duly probated. Lillian Batz Stice was a daughter of Emma L. Batz and by clause 4 of her will Emma L. Batz made provision for her daughter as follows:

"FOURTH: All the rest and residue of my estate, of every kind and description I give, devise and bequeath unto my said Daughter Lillian Batz Stice to have and to hold the same for and during her natural life only. My said daughter shall have full power to manage and control the same as she shall deem best. She may sell any real estate whenever in her judgment it is advisable so to do, without any order of court, at either public or private sale as she shall deem best, and on such terms as she shall see fit and may invest the proceeds of such sale either in other real estate or in such securities as she may deem advisable. She shall pay all taxes and assessments levied against such real estate, keep up the repairs and insurance. The net annual income from my said estate, after payment of such taxes, assessments, repairs, insurance and all other proper costs and expenses connected with the management of said estate, my said daughter shall have and retain for her own use and benefit so long as she shall live, using the same for her care and maintenance and for such purposes as she sees fit. It is my wish and desire that my said daughter shall be properly cared for and supported. If the net income from my said estate is sufficient for her care and support, and as to what amount is necessary for her proper care and support my said daughter shall decide and determine alone and for herself, without accounting to any one, then the net

467

income alone shall be used; if however, she, my said daughter, shall deem said net income not sufficient then and in that event, she shall have full power, right and authority, to use any part of the principal of my said estate for her care, and support and for her needs, and what part of the principal she so uses she alone may decide, I wish my said daughter to be careful and prudent in the management of said estate and I hope she may not use all of the principal. However, my first wish is for my daughter, and for her care and comfort. Upon the death of my said daughter I direct the Elliott State Bank, of Jacksonville, Illinois, to take charge of whatever of my said estate may then remain, as Trustee and said Trustee shall reduce what then remains of my estate and such cash shall then be paid out and distributed as follows: . . ."

Then follows a comprehensive plan for division of the remainder by the Trustee which is not material to this controversy. From the amended complaint it appears that Emma L. Batz at her death owned a number of parcels of real estate which Lillian Batz Stice took possession of, under clause 4 of her mother's will. Three of these parcels of real estate were sold by Lillian Batz Stice during her lifetime. The amended complaint then alleged that moneys received from the sale of this real estate, together with other securities and investments received by Lillian Batz Stice from her mother's estate, were not used by Lillian Batz Stice for her care and support, since the income from all properties was sufficient to properly care for and support her without the use of the principal; that the moneys from the sale of the real estate and other securities were traceable and that Bruce Thomson, successor Trustee, was entitled to an accounting for and payment of these moneys and securities from the administrator with the will annexed of the Lillian Batz

468

Stice estate, to be distributed under the remainder provisions of the Emma L. Batz will.

The defendant administrator with the will annexed filed an answer to the amended complaint and on January 18, 1956, the Circuit Court referred the cause to the Master to take evidence and report his conclusions. Extended hearings were held by the Master, at the conclusion of which the Master found the facts as alleged in the amended complaint and that the proceeds from the sale by Lillian Batz Stice of the three parcels of real estate had been invested by Lillian Batz Stice in certain government bonds, savings and loan stock and a bond of Kingdom of Norway, all of which were in the possession of Lillian Batz Stice at her death, and concluded that:

"I find, therefore, that the defendant, William H. Ricks, as Administrator with the Will annexed of the estate of Lillian Wilhelmina Batz Stice, is in possession and control of the securities above described in paragraphs 11, 12 and 13, and, that the said defendant is accountable to the plaintiff for the said securities above described in accordance with the terms of the Will of Emma L. Batz, deceased."

On June 5, 1957, a final decree was entered, following the findings and conclusions of the Master. This decree found that defendant administrator with the will annexed, had, during the pendency of the proceedings and the estate, cashed the government bonds, so that the decree directed him to turn over the cash proceeds instead of the bonds, together with the savings and loan stock and the Kingdom of Norway bond.

Following the entry of this decree the defendant administrator with the will annexed filed a petition in the County Court for an order authorizing him to comply with the decree of the Circuit Court and on June 6, 1957, such an order was entered. On June 28,

469

1957, Robert G. Hemphill as Guardian Ad Litem for certain minor legatees under the will of Lillian Batz Stice, filed a petition in the County Court in the probate proceedings of the Lillian Batz Stice will, to vacate the order authorizing the administrator with· the will annexed to comply with the decree of the Circuit Court and to direct said administrator with the will annexed:

". . . to petition said Morgan County Circuit Court to open up and vacate the said decree of 5 June 1957 as entered by said court, for the reason that there appears to be reasonable grounds for making the defense that Lillian Wilhelmina Batz Stice owned more than a mere life estate, which would thereby have entitled her to keep the proceeds of all property, both real and personal, sold by her during her lifetime, which defense was not properly made in any way, either in the answer filed by said administrator with the will annexed or otherwise."

On June 29, 1957, a similar petition was filed in the County Court by Lawrence Crawford, Jr., and Carol Crawford (who are appellants here) as beneficiaries under the Lillian Batz Stice will to require the administrator with the will annexed to move to vacate the order of the Circuit Court of June 5, 1957, to litigate the question of the construction of the will of Emma L. Batz on the ground that:

"A reasonable doubt exists concerning the proper construction or interpretation of the terms of the will of Emma L. Batz, whether said Lillian Wilhelmina Batz Stice obtained a fee or life estate in the assets of said estate, whether said Lillian Wilhelmina Batz Stice had an absolute power of disposition over said assets, or whether the proceeds of such part of said assets as were sold by her became her sole and absolute property and a part of her estate on her death,

470

which question should be placed in issue, fully litigated, and determined in the above action in the Circuit Court."

On July 2, 1957, both of these petitions were denied. *No appeal was taken.*

On June 29, 1957, Lawrence Crawford and Carol Crawford, appellants, filed a petition for leave to intervene in the suit by the Trustee and to petition the court to open up the decree of June 5, 1957, and to file answer to the amended complaint of the Trustee. This petition is supported by the affidavit of petitioners in which they allege in substance that in the original proceedings, the administrator with the will annexed in his answer to the Trustee's amended complaint did not question the construction of the will of Emma L. Batz but made only perfunctory objection to the Trustee's claim; that a reasonable doubt exists as to the proper construction or interpretation of the terms of the will of Emma L. Batz, whether said Lillian Wilhelmina Batz Stice obtained a fee or life estate in the assets of said estate, whether said Lillian Wilhelmina Batz Stice had an absolute power of disposition over said assets, or whether the proceeds of such part of said assets as were sold by her became her sole and absolute property and a part of her estate on her death, which questions should be placed in issue, fully litigated and determined in the present action; and that said intervenors as beneficiaries under the will of Emma L. Batz were not properly represented by the administrator with the will annexed. Attached to the petition was a proposed answer to the amended complaint. On July 5, 1957, appellants filed a motion asking that their petition of June 29, 1957, be taken and considered as a motion to vacate the decree of June 5, 1957, in accordance with Section 68.3 of the Civil Practice Act. They also submitted a

471

new answer to the amended complaint of the Trustee which they proposed to file. On July 5, 1957, the Circuit Court entered the following order:

"Now on this day come the parties hereto by their respective counsel and motion to Amend Petition for leave to intervene by substituting a new answer as the proposed initial pleading of intervenor and for complete adjudication is hereby filed. Motion is by the Court allowed and petition for leave to intervene as amended is hereby granted and Lawrence Crawford, Jr. and Carol Crawford are made parties defendant to this cause and the Court will consider and take this petition as amended as a motion filed in accordance with Sec. 68.3 of the Civil Practice Act, to vacate the decree of June 5, 1957. And now all parties may file such pleadings as they deem proper within 15 days. And now answer of Defendant-Intervenors is filed herein."

On March 18, 1958, pursuant to motion of the Trustee theretofore filed, the court vacated that part of its order of July 5, 1957 showing answer of intervenors filed. On May 21, 1958, the petition of appellants to vacate the decree of June 5, 1957, was denied. This appeal followed and as stated by appellants in their brief:

"This appeal is taken by intervening defendants from an order refusing to open up the decree and to permit intervenors to file an answer after they had been allowed to intervene."

An initial procedural question is raised by appellants. They assert that they were entitled to intervene as a matter of right and the court, having granted the right to intervene and to file answer without imposing any conditions upon such intervention, had no authority to subsequently vacate the order showing answer filed. Appellants misconceive the effect of the order of July 5, 1957. This order in effect gave

472

the right to intervene for the purpose of being heard on their petition to open up the decree of June 5, 1957. This was in accord with their petitions of June 29, 1957, and July 5, 1957. Apparently the court was of the opinion that the petition to open up the decree of June 5, 1957, should first be determined before granting leave to file the answer and this we believe is consonant with the initial position of appellants, as reflected by their petitions of June 29 and July 5. We perceive no error in the vacating of the order showing answer filed.

Counsel for appellants cited Dowsett v. City of East Moline, 8 Ill.2d 560, 134 N.E.2d 793, and insist that the procedure followed by the trial court in the case at bar was not the procedure sanctioned by the Supreme Court in a similar case. We have examined this case and have come to a different conclusion. That case, as the case at bar, involves a petition to intervene after final decree. There, as here, a petition to intervene and to move to open up the decree and for leave to plead was filed. In the Dowsett case an election had been held authorizing the issuance of bonds by the City of Moline. The election carried. A taxpayer then filed suit to enjoin the issuance of the bonds on the ground that the election was invalid due to a faulty publication. After answer filed and evidence heard a decree sustaining the validity of the election was entered. Subsequently the petition to intervene and open up the decree and for leave to file answer was filed. It was alleged in the petition that the original suit was a "friendly suit" without actual contest *and that the election was invalid for reasons other than the single reason assigned in the original complaint.* Certain factual questions were insisted upon which it was claimed were not raised in the suit. The court granted the leave to intervene *for the purpose of being heard on the petition to open up the decree and for leave to plead.* An answer *to the peti-*

473

*tion* was filed and a hearing with evidence produced was conducted on the petition and answer. After the hearing the court found that no grounds had been shown for vacating or disturbing the prior decree and ordered it to stand in full force, thereby, in effect, denying petitioner's petition to open up and for leave to plead. The Supreme Court was only reviewing the propriety of the trial court's finding that no grounds existed for vacating the original decree and in doing so was required to pass on the question of whether the showing made on the hearing was legally sufficient to warrant opening up the decree and granting leave to plead. This case supports the procedure adopted by the trial court in the case at bar as we will now point out.

When the petition of appellants to vacate or open up the decree of June 5, 1957, came on for hearing before the court, two issues as disclosed by their affidavit, were presented to the court as the basis for opening up the decree and granting leave to file their proposed answer, to-wit:

1. Were appellants properly and adequately represented by the administrator with the will annexed in the proceedings culminating in the decree of June 5, 1957?

2. Was the claim of appellants that under a proper construction of the will of Emma L. Batz, Lillian Batz Stice took a fee in the assets of her mother's estate and that Lillian Batz Stice had an absolute power of disposition of those assets and that the proceeds of such part of said assets as were sold by her became her sole and absolute property and a part of her estate upon her death, tenable as a matter of law, or more concisely stated, was the will of Emma L. Batz in need of construction?

█ Evidence was heard by the court at the instance of Bruce Thomson, the Trustee, designed to counter the claim of appellants that they were not

474

adequately represented by the administrator with the will annexed. Throughout the chancery proceeding by the Trustee, the administrator with will annexed was represented by Orville N. Foreman, a respected member of the bar of this state and an able lawyer. He testified on the hearing that when the suit for accounting was filed by the Trustee the allegations of the complaint were scrutinized and discussed by the members of his firm; that they examined and reviewed the law concerning the proper construction to be given to the will of Emma L. Batz; that they had previously examined the law at the time probate proceedings were commenced in the Lillian Batz Stice estate to determine what property to inventory; that in so doing they were considering the possibility that the trust, after the life estate, was void or that the purported life estate was by subsequent provisions of the will turned into a fee; that they considered the cases cited to the court by counsel for appellants on the hearing and came to an opposite conclusion from counsel for appellants; that they made investigations to determine what factual proof was available to the administrator with the will annexed; they prepared the necessary pleadings; he attended all of the hearings before the Master except one and that on this one occasion another member of the firm was present; that they considered appealing from the decree of June 5, 1957, but concluded that an appeal would be unsuccessful and that any position opposed to the decree would be untenable. We have carefully examined this testimony, which incidentally is all the testimony in the record on the first issue, save for the bald assertion in the affidavit of appellants that they were not properly and adequately represented. To classify the representation given appellants through the administrator with the will annexed, by Orville N. Foreman and the members of his firm as perfunctory is not supported by the record before us.

475

■ ■ The extent to which appellants sought to sustain the second issue does not appear in the record before us. This issue involves a question of law. A court is not required to construe a will merely by alleging that a question requiring construction exists, where the record shows there is no such question. Where the principles of law governing the interpretation of a will are thoroughly established by the law, and if, when those established principles are understood and applied to the will, the meaning is clear, no question of construction exists. Binger v. Ackerman, 15 Ill.App.2d 35, 145 N.E.2d 277, and cases therein cited. As to the second issue therefore when the petition to open up came on for hearing it was incumbent on the appellants to demonstrate to the court that some question of construction existed or that the established principles of law were contrary to the interpretation necessarily placed on it by the court in entering the decree of June 5, 1957. Thus appellants were in the same position as the petitioner in the Dowsett case with this exception, i. e., that in the Dowsett case certain factual questions were raised which required the presentation of evidence while here the issue was not factual but only required an examination of the established principles of law to determine whether the will of Emma L. Batz was in need of construction or whether the decree of June 5, 1957, was contrary to those established principles. There is some indication in the record before us, that the court's attention was called to certain authorities. To what extent we cannot determine. We must therefore presume that the court was of the opinion that the decree of June 5, 1957, was supported by the law.

Ordinarily we would assume that we would be required to review the correctness of the trial courts determination in this regard. However, no question is raised by this appeal on this question. The Points

and Authorities of appellants' brief do not raise the question and no cases are cited under Points and Authorities dealing with the question. In fact, counsel for appellants in their brief insist that the substantive questions of law relating to the construction of the will of Emma L. Batz are not before us and cannot and should not be decided on this appeal. Thus we have limited our decision to a determination of whether the procedure followed by the trial court was correct.

 To the extent to which this opinion has been limited therefore we find no error on the part of the trial court.

Accordingly the judgment of the Circuit Court of Morgan County will be affirmed.

Affirmed.

REYNOLDS and CARROLL, JJ., concur.