Oakton-Crawford Corporation, a Corporation, Plain-
tiff-Appellee, v. Village of Skokie, a Municipal
Corporation, Defendant.
On Appeal of J. P. Brausch, Harry J. Rafferty, Richard
W. Fensterle and Charles W. Marshall, Interven-
ing Petitioners, Appellants.

Gen. No. 48,176.

First District, Second Division.

January 24, 1961.

Brooks & Gordon, of Chicago (Gilbert Gordon, of
counsel) for appellants.

Maurice J. Nathanson and John A. Filpi, of Chi-
cago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the
opinion of the court.

In a complaint brought by the owners of two parcels of real estate containing approximately 190,000 square feet located in the Village of Skokie, plaintiff seeks a declaratory decree that it has a right to develop a neighborhood shopping combine on the realty, that the zoning ordinance as applied thereto is void, that the Village, its servants and agents be enjoined from interfering with the declared use of the property, and that the plaintiff or any other person claiming through it on application be granted a license or permit for the use described. Plaintiff proposes to improve its property with a building containing retail shops for the convenience of persons living in the neighborhood. In brief, plaintiff wants to rezone its property from residential to commercial use so that it can construct a shopping center. Sufficient space for three square feet of parking area for each square foot of building area is to be reserved. Under the present zoning ordinance plaintiff cannot proceed with its project. Plaintiff unsuccessfully applied to the municipality for a variation to permit the project or for rezoning of a portion of the parcel, after which the instant suit was filed. The Village was made the sole defendant.

The Village attorney filed its answer. The owners of four houses which directly abut the property filed a petition for leave to intervene. The petitioners have owned their property for many years and have improved it with single family dwelling units, the rear portions of which adjoin plaintiff's parcel. They have invested "tens of thousands of dollars for improvements" and "hundreds of hours in arduous labor in and about landscaping and gardening in their rear yards." Petitioners made their expenditures "in expectation that the abutting property owned by plaintiff would be developed under the prescribed zoning for single family dwellings." Their interest in the case "exceeds that of general members of the public or of home owners in the neighborhood." If plaintiff is successful

508

petitioners will be "harmfully affected in that each would suffer severe curtailment of his right to quiet enjoyment of his home and garden for himself and his family and the peaceful character of his immediate environment will be permanently shattered" and they would face the loss of thousands of dollars in devaluation of their property, and their children and guests would be forced to cope with the "multitude of noises, traffic, garbage and other concomitants of a shopping center." Defendant represents all tax payers and therefore must be primarily concerned with "overall city zoning patterns and cannot be similarly concerned with the individual hardships of the petitioners," who say that the pursuit of the "legitimate objects of the Village may result in compromises, agreements and stipulations to the detriment of the rights of petitioners" and that "for legitimate reasons may not pursue a justified appeal from an adverse decision or may fail to maintain a vigorous defense." The court denied leave to intervene and petitioners appeal. The Village has not filed a brief.

Petitioners insist that they should be allowed to intervene as a matter of right. Section 26.1 of the Civil Practice Act provides that upon timely application anyone shall be permitted as of right to intervene in an action "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action." Plaintiff asserts that the right to intervene under Section 26.1 of the Practice Act is not unqualified, that whether one be permitted to intervene is a matter largely in the discretion of the court, whose ruling will not be disturbed unless a clear abuse appears, and that a full and complete determination of the issues in the instant suit can be had without petitioners being parties.

■■ Statutes providing for intervention are remedial and are liberally construed. See 67 C.J.S.,

509

Parties, Sec. 53, page 976. We quote from the Joint Committee Comments of the Illinois State and Chicago Bar Associations:

"Intervention is frequently desirable to allow a person to protect an interest jeopardized by pending litigation to which he is not a party or to avoid relitigation in another suit of issues which are being litigated in a pending suit. Under prior law the right to intervene was severely limited by the decisions. The applicant was required to have a direct and immediate interest in the subject matter of the litigation. . . . This section provides an intervention remedy of adequate scope, while giving the trial court power to prevent the intervention from unduly hampering or delaying the original parties in their conduct of the litigation."

The recent case of In re East Maine Tp. Community Ass'n v. Pioneer Trust & Sav. Bank, 15 Ill.App.2d 250, 145 N.E.2d 777, involved the right of adjoining property owners to intervene in a zoning case brought against the county as the sole party defendant for the purpose of voiding a county zoning ordinance as applied to plaintiffs' property so that they could construct a drive-in outdoor movie theatre. The petitioners who sought to intervene owned property adjacent to the site of the proposed theatre. They were not permitted to intervene. The court in upholding the right to intervene said (259):

"Under the zoning statute and the ordinance passed pursuant thereto, as well as the Administrative Review Act, petitioners, and especially those whose property is adjacent or contiguous to plaintiffs' property, are vitally affected by the declaratory judgment entered in the instant case. They are aggrieved parties within the meaning

510

of the statutes and ordinance referred to, and entitled not only to intervene in the instant cause, but are entitled to appeal and attack the declaratory judgment, where it indisputably appears that plaintiffs did not exhaust their remedies as indicated."

The assertions of the petition in the case at bar were not challenged in the trial court. Petitioners own property abutting the realty involved in the litigation. Their rights would be adversely affected by a disposition changing the usage. The Village does not oppose the petitioners in their desire to participate in the case. We are of the opinion that under the provisions of Section 26.1 and the cited case the petitioners have a right to intervene.

Therefore the order is reversed and the cause is remanded with directions to enter an order allowing petitioners to intervene in the cause.

Order reversed and cause remanded with directions.

FRIEND, J., and BRYANT, J., concur.