Village of Riverwoods, a Municipal Corporation of Illinois, Plaintiff-Appellant, v. County of Lake, a Body Politic and Corporate of Illinois, and Travenol Laboratories, Inc., a Wholly Owned Subsidiary Corporation of Baxter Laboratories, Inc., Defendants-Appellees.

Gen. No. 69–159.

Second District.

May 4, 1970.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

McClory, Lonchar, Nordigian and Clark of Waukegan, Jack Hoogasian, State's Attorney of Lake County, of Waukegan, and Bell, Boyd, Lloyd, Haddad & Burns, of Chicago, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

In May, 1968, Travenol Laboratories, Inc. petitioned the Lake County Board of Appeals for amendments and variations to the Lake County zoning ordinance concerning 181 acres of land owned by them bounded on the west by Saunders Road, on the north by Hawthorne Lane, on the east by the northern Illinois Toll Road, and on the south by County Line Road; 130 acres consisting of various tracts of land, to be rezoned by amendment to

"Limited Industrial" classification and "Office and Research" classification from the present classification of "Office and Research" and "Suburban Residential" classifications, respectively, and variations on a 51-acre tract zoned "Office and Research" to permit parking lots and driveways for occupants of the industrial tract. The area of 51 acres proposed to be used as a parking lot is on the west side of the property adjacent to the Village of Riverwoods. The Village of Deerfield is separated from that part of the subject property to be rezoned, on the east side, by the Toll Road.

The Village of Riverwoods filed a protest against the petition, but the Lake County Board of Supervisors, pursuant to the recommendation of the Zoning Board of Appeals, passed a resolution granting the rezoning amendments and variations on the 181 acres. Although the resolution did not carry by a three-fourths favorable vote, the Board declared the resolution passed and adopted. Thereafter, in this declaratory judgment action, filed by Riverwoods, the trial court held that the Village of Deerfield, not Riverwoods, was the nearest adjacent municipality to the land affected by amendments; that, since Deerfield did not protest the amendments, a three-fourths vote of the Board of Supervisors was not required to grant the amendments; that all requirements of section 3158, chapter 34, Ill Rev Stats 1967, had been met and that the reclassification amendments were thus valid in all respects. The court also held that the validity of the amendments granted under section 3158, the validity of the variation granted under section 3154, were separate and distinct issues of law; that the driveways and parking lots which were allowed by the variation were proper subjects for the variation under section 3154, and no amendment under section 3158 was necessary for such uses; that the reason for granting the variation was properly set forth in the resolution of the

Board of Supervisors; and that the variation was in full compliance with section 3154 and valid in all respects.

On July 10, 1969, the Village of Riverwoods filed its notice of appeal from the order granting summary judgment to Travenol and denying Riverwoods' cross motion for summary judgment.

The contentions of Riverwoods, as stated, are: (1) that a single zoning petition with mutually supporting requests for amendments and variations affecting 181 acres of land is, in effect, a request for a legislative amendment; such a major change to such an extensive tract of land has a direct effect on the existing character and zoning integrity of an immediately adjacent municipality; and where the muncipality whose boundaries were nearest and immediately adjacent to the land affected filed a written protest, the resolution of the County Board, in amending the zoning classification and granting a variation without a three-fourths favorable vote was invalid; (2) the resolution of the County Board of Supervisors granting a variation to the defendant Travenol was invalid because there was no proof submitted by the petitioner of practical difficulties or particular hardship in the way of carrying out the county zoning and building ordinances; nor were there any findings of fact specifying statutory reasons for making the variations included in or accompanying the resolution of the County Board granting the requested variations.

In opposition to these contentions the County of Lake and Travenol Laboratories, Inc., state: (1) the validity of the zoning amendments granted pursuant to section 3158, and the validity of the variation granted pursuant to section 3154, present separate and distinct questions of law; the validity of the rezoning amendment being determined solely by the terms of section 3158, and the validity of the variation being determined solely by the terms of section 3154; (2) the circuit court properly

ruled that the zoning amendments granted Travenol pursuant to section 3158 by the Lake County Board of Supervisors were valid; (3) the circuit court properly held that the zoning variation granted Travenol pursuant to section 3154 by the Lake County Board of Supervisors was valid.

Section 3158, chapter 34, Ill Rev Stats 1967, pertaining to zoning reads in part as follows:

> "The regulations imposed and the districts created under the authority of this Act may be amended from time to time by ordinance or resolution, after the ordinance or resolution establishing same has gone into effect, but no such amendments shall be made without a hearing before the board of appeals. . . . In case of written protest against any proposed amendment, signed and acknowledged by the owners of twenty percent of the frontage proposed to be altered, or by the owners of twenty percent of the frontage immediately adjoining or across from an alley therefrom, or by the owners of twenty percent of the frontage directly opposite the frontage proposed to be altered, or in cases where the land affected lies within one mile and one-half of the limits of a zoned municipality, by the city council or president and board of trustees of the zoned municipality with limits nearest adjacent, filed with the county clerk, such amendment shall not be passed except by the favorable vote of three-fourths of all the members of the county board."

Section 3154 of the same statute pertaining to variations reads in part as follows:

> "The regulations by this Act authorized may provide that a board of appeals may determine and vary their application in harmony with their gen-

eral purpose and intent and in accordance with general or specific rules therein contained in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of such regulations relating to the use, construction or alteration of buildings or structures or the use of land; or the regulations by this Act authorized may provide that the county board may, by ordinance or resolution determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any such regulations relating to the use, construction or alteration of buildings or structures or the use of land; provided, however, that no such variation shall be made by such county board without a hearing before the board of appeals. . . .

"Where a variation is to be made by ordinance or resolution, upon the report of the board of appeals such county board may by ordinance or resolution without further public hearing adopt any proposed variation or may refer it back to the board of appeals for further consideration and any proposed variation which fails to receive the approval of the board of appeals shall not be passed except by the favorable vote of three-fourths of all the members of the county board. Every such variation, whether made by the board of appeals directly or by ordinance or resolution after a hearing before a board of appeals shall be accompanied by a finding of fact specifying the reason for making such variation."

In essence, the contention of the Village of Riverwoods is that no matter in what guise the factual situation is

presented in the petition for both zoning amendments and variations, on such an extensive tract of land it is a request for a major zoning change and, in fact, is a request for legislative amendment. Therefore, the granting of this major zoning change was invalid because the resolution of the County Board was adopted by less than three-fourths favorable majority after the Village had filed its written protest. Plaintiff cites the case of Sinclair Pipe Line v. Richton Park, 19 Ill2d 370, 167 NE 2d 406, in which the court stated at page 373:

> "The variation procedure as prescribed in the act is designed to provide a flexible method for relaxing the rigid requirements of the ordinance in cases of individual need. It is not designed to work major changes in the zoning plan. Amendments by the legislative body are available for that purpose. Ill Rev Stats 1959, chap 34, par 3158.

> "The property here involved is a large tract that constituted a major portion of the residential zone of which it is a part. A variation for an industrial use would radically alter the nature of the entire zone. Under these circumstances the authority of the zoning board of appeals to grant a variation is open to serious question."

However, the factual situation in that case is entirely different from the factual situation presented herein. In Sinclair the zoning was primarily residential and the variation was for an industrial use. In Traders Development Corp. v. Zoning Board of Appeals of Peoria County, 20 Ill App2d 383, 156 NE2d 274, it was held that an ordinance cannot add to, subtract from, or affect the provisions of the statute, and it was ruled that the zoning ordinance which made certain provisions of section 3154 applicable to amendments granted under sec-

tion 3158 was invalid. In Rector v. Board of Appeals Under Zoning Ordinance of City of Danville, 342 Ill App 51, 95 NE2d 99, it was held that a change in the zoning ordinance to allow construction of a water storage tank on lots zoned for residential purposes was a "variance" and was not a change in classification from residential to heavy industrial as to require proceedings under provisions relating to amendment of zoning regulations.

■ ■ Both the Traders case and the Rector case recognize the complete independence of sections 3154 and 3158. We believe that the circuit court correctly held these two sections are independent of each other, and that Riverwoods' contention that its proximity to land for which a variation was granted, pursuant to section 3154, gave it a right to require a three-fourths vote under section 3158 is without merit. Also, under section 3158 Riverwoods had no right to file objections since the factual situation is that Riverwoods was not the nearest adjacent village to the land rezoned by amendment.

■ In Village of Bannockburn v. Lake County, 17 Ill 2d 155, 160 NE2d 773, the court was concerned with the definition of the word "frontage" as used in section 3158, and stated at pages 158 and 159:

> "In reading the language of the statute here, we find no need whatsoever for construction, interpretation or labored effort to ascertain the legislative intention. In this statute there is neither ambiguity nor room for construction. It seems to us abundantly clear that the legislature expressed its intention in clear and unmistakable terms and the only function of the court under such circumstances is to declare and enforce the law as enacted by the legislature."

As the language of both sections under consideration is unambiguous, to accept the arguments of plaintiff would render null and void certain distinctions the legislature saw fit to enact into law. This we cannot do.

■ We next consider plaintiff's contention that the resolution of the County Board granting the variation was invalid because it did not comply with the requirements of section 3154 inasmuch as no findings of fact were included specifying statutory reasons for making the variation, and furthermore, that no proof was submitted by petitioners of practical difficulties or hardship to warrant the granting of a variation. It is stated that the parking lots outside the proposed industrial district extend the use and size of the proposed industrial tract and that the parking lots were not necessary and created a hardship only in that it was convenient and desirable for Travenol to develop the entire tract. Driveways and parking areas are permitted in land classified "Office and Research" which is the zoning of the 15 acres upon which a variation was granted. As these uses are permitted in areas zoned "Office and Research," defendant Travenol contends there is no necessity for a variation even though one was granted. However, we believe the trial judge correctly held that a variation was required in his oral opinion. He stated that he did not believe a variation was necessary so far as driveways were concerned, but that obviously Travenol was looking for more extensive parking than ordinarily would be required in "Office and Research" zoning.

■ Having read the record, we are satisfied that sufficient proof was submitted by defendant Travenol to allow the trial court to properly conclude that they had satisfied the statutory requirement of proving practical difficulties and particular hardship.

■ The contention that the variation granted is invalid because the resolution of the Board of Supervisors did not state the reason for granting a variation is with-

out merit. We conclude that the necessity for the variation is substantiated by the record. Furthermore, the Board sufficiently stated its reason for granting the variation, and also in its resolution referred to the recommendation of the Zoning and Planning Committee of the Board of Supervisors and the recommendation of the Zoning Board of Appeals.

In Downey v. Grimshaw, 410 Ill 21, 101 NE2d 275, the court said at page 25:

> ". . . The reference in the ordinance to the recommendation, of which the findings of fact were a part, was a substantial and sufficient compliance with the statute."

In Kaczorowski v. Elmhurst Chicago Stone Co., 10 Ill2d 582, 141 NE2d 14, the court stated at pages 584 and 585:

> ". . . The board of supervisors concurred in the findings and recommendation of the board of zoning appeals, and adopted a resolution granting 'a variation' in accordance therewith."

and at pages 585 and 586:

> "In our opinion the findings in this case complied with the statute. There was here no generalized repetition of the statute as was the case in Lindburg v. Zoning Board of Appeals, 8 Ill2d 254. Here the practical difficulties are the added amount of heavy truck traffic to which the board expressly referred and the added transportation costs that must obviously accompany it. That this hardship is unnecessary appears from the finding that the proposed change in operations would make no appreciable difference to the plaintiffs."

▉ Here the necessity of a variation to provide for driveways and parking and for ingress and egress seem

263

apparent and the trial judge was correct in his specific finding that the resolution of the County Board contained the findings of fact required by section 3154 as to the reason for granting the variation. The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.