GENE ADAMS et al., Plaintiffs-Appellants, v. THE COUNTY OF COOK et al., Defendants-Appellees.—(BOARD OF EDUCATION OF CONSOLIDATED HIGH SCHOOL DISTRICT NO. 230, COOK COUNTY, Plaintiff-Objector-Appellant.)

First District (3rd Division)    No. 79-569

Opinion filed June 30, 1980.

Herbert H. Fisher and Douglas Polsky, both of Chicago, for appellants.

Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellant Board of Education.

Theodore J. Novak and Don E. Glickman, both of Rudnick & Wolfe, of Chicago, for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:
Plaintiffs appeal the dismissal of their action for declaratory judgment which challenged the validity of an amendatory zoning

ordinance and special-use permit granted by defendant County of Cook. The zoning changes were made pursuant to an application by defendant Beverly Bank, as trustee of property held beneficially by defendant Duvan, Inc. Plaintiffs are the owners of more than 20 percent of the frontage which adjoins or faces the subject property. The court granted defendants' motions to dismiss based on their claim that plaintiffs had failed to exhaust their administrative remedies because they had not filed written protests pursuant to the Cook County Zoning Ordinance, article XIII, par. 13.15. Prior to this dismissal, the board of education of Consolidated High School District No. 230, whose high school is adjacent to the subject property, sought leave to intervene as a party plaintiff as a matter of right. (See Ill. Rev. Stat. 1977, ch. 110, par. 26.1(1).) The court denied leave to intervene but accorded the board the status of "objector." The board appeals this decision. We reverse the dismissal of the complaint and the denial of leave to intervene and remand for further proceedings.

In February 1976, defendant Beverly Bank as trustee for property held beneficially by defendant Duvan, Inc., applied to the Zoning Board of Appeals of Cook County (Zoning Board) for rezoning of approximately 126 acres in an unincorporated area of Cook County. The application included a request for a special use permit for a planned unit development. A public hearing was held regarding the application, and it appears that some plaintiffs expressed their opposition at this time. No written protests were filed by plaintiffs following this hearing. The Zoning Board recommended to the board of county commissioners that the application be approved. The board voted unanimously to adopt the amendatory zoning ordinance and grant the special use permit. Plaintiffs subsequently filed their action for declaratory judgment, and the board of education sought leave to intervene.

Plaintiffs contend that their suit should not have been dismissed for failure to file written protests pursuant to article XIII, par. 13.15 of the Cook County Zoning Ordinance. Defendants Beverly Bank and Duvan argue that the protest provision constituted an administrative remedy which plaintiffs failed to exhaust, thereby precluding their right to challenge the rezoning in court.

The rule providing for exhaustion of administrative remedies in zoning cases was promulgated by the Illinois Supreme Court in *Bright v. City of Evanston* (1956), 10 Ill. 2d 178, 139 N.E.2d 270. According to *Bright*, exhaustion is required if a zoning ordinance is alleged to be invalid in its application to particular property. If, however, it is claimed that a zoning ordinance is void in its entirety, then direct judicial relief is available.

In the instant case, plaintiffs do not attack the Cook County Zoning

Ordinance as a whole; nor do they limit their challenge to the effect which the rezoning will have on their property. Plaintiffs allege that the board of county commissioners acted in an arbitrary, unreasonable and capricious manner in adopting the amendatory zoning ordinance and granting the special use permit. Plaintiffs' complaint also contains several allegations of procedural errors which occurred during the process of adopting the zoning changes. As a result, plaintiffs argue, their right to due process was violated. Thus, plaintiffs' arguments do not fall within either of the categories contemplated by *Bright.*

We conclude that the exhaustion rule announced in *Bright* does not mandate that the instant case be dismissed. The relevant portions of article XIII, par. 13.15 of the Cook County Zoning Ordinance provide that written protests relating to action on an amendment or special use will be accepted from the owners of 20 percent of the frontage immediately adjoining, across an alley, or directly opposite the subject property. One requirement for a valid protest is that it be submitted to the secretary of the Zoning Board of Appeals not earlier than seven days after a hearing is held by that Board, nor more than thirty days after such hearing. Another requirement is that the protest be directly related to the items on which the Zoning Board bases its findings of fact. According to article XIII, pars. 13.10—5 and 13.97(2), once a written protest is filed, the proposed amendment or special use may not be adopted except by the favorable vote of three-quarters of the board of county commissioners.

Clearly, a written protest cannot be considered an administrative remedy analogous to the remedy afforded to the plaintiff in *Bright.* In *Bright*, the supreme court determined that the plaintiff could not seek judicial relief from the city's zoning classification as it affected his property until he had availed himself of the provisions in the zoning ordinance which permitted landowners to apply to a board of appeals for a variation. Unlike the plaintiff in *Bright*, plaintiffs here are not the owners of the land directly affected by the zoning classification but are adjoining landowners. The filing of a written protest does not entitle plaintiffs to a hearing. Neither the Zoning Board nor the board of county commissioners is required to render a decision on the merits of the protest. Thus, unlike the procedure for granting a variance, the filing of a written protest does not lead to the termination of any proceedings or to an administrative decision which could be appealed (see Ill. Rev. Stat. 1977, ch. 110, par. 264). The sole effect of filing a written protest is to trigger the three-quarters vote requirement.

Since the purpose of the *Bright* rule is to permit local authorities to correct their own errors and settle disputes (*County of Lake v. MacNeal* (1962), 24 Ill. 2d 253, 259, 181 N.E.2d 85, 89), written protests would be

an inappropriate vehicle for relief under the facts of the instant case. Almost all of the allegations made by plaintiffs involve procedural errors committed in adopting the zoning changes, and most occurred after the time for filing written protests had passed. Moreover, since written protests are limited to items on which the Zoning Board bases its findings of fact, submission of protests here could not have prevented or corrected the majority of the alleged errors.

■■ The rationale for allowing written protests is to afford protection to four classes of landowners who own a certain percent of the frontage adjoining the land which is being rezoned. (See *Bredberg v. City of Wheaton* (1962), 24 Ill. 2d 612, 622, 182 N.E.2d 742, 747; *Village of Park Forest v. County of Will* (1976), 38 Ill. App. 3d 693, 695, 347 N.E.2d 747, 748.) In *Bredberg*, the supreme court characterized a written protest procedure similar to the one involved here as "merely an exercise of the inherent right of the people to petition their government for redress of grievances * * *." (24 Ill. 2d 612, 621, 182 N.E.2d 742, 746.) The Cook County Zoning Ordinance provision involved here provides that written protests will be accepted from the adjoining landowners; it does not say that such protests must be submitted. Thus, while written protests constitute one means by which certain adjoining landowners may protect their rights, failure to file such protests should not act as a bar to judicial relief.

The second issue which we must address is whether the board of education should have been denied leave to intervene as of right. The Civil Practice Act provides:

> "Upon timely application anyone shall be permitted as of right to intervene in an action: * * * (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 26.1(1).)

Based on these requirements, we find that the board of education should have been allowed to intervene.

■■ Intervention statutes are remedial and should be liberally construed. (*Bredberg*, 24 Ill. 2d 612, 623, 182 N.E.2d 742, 747; *Oakton-Crawford Corp. v. Village of Skokie* (1961), 28 Ill. App. 2d 507, 509, 171 N.E.2d 814, 815.) In the instant case, it is clear that plaintiffs could not adequately represent the interest of the board. In addition to making allegations which are similar to those made by plaintiffs, the board has alleged adverse effects unique to it alone which will result from the rezoning. Specifically, the board alleges that the high density development permitted under the rezoning is directly across from its Carl Sandburg High School. Rezoning, therefore, will not only result in burdening a

school that is already overcrowded, but will also endanger the safety and welfare of the students, and create severe traffic problems in the adjacent streets and intersections.

Defendants contend that the board of education does not have the authority to intervene. They rely on the decision in *Dato v. Village of Vernon Hills* (1965), 62 Ill. App. 2d 274, 210 N.E.2d 626 to support their contention that in the absence of specific statutory authorization, the board of education may not intervene as a matter of right in zoning litigation. (See also *Morris Community High School District No. 101 v. Morris Development Co.* (1974), 24 Ill. App. 3d 208, 211, 320 N.E.2d 37, 39.) In *Dato,* the court referred to the then recently enacted amendment to the zoning section of the Municipal Code which permits school districts to appear before zoning commissions and present evidence if the property in issue is situated within that district. (Ill. Rev. Stat. 1963, ch. 24, par. 11—13—20.) The court found that this amendment did not confer upon the school board the right to intervene in zoning litigation in which it may have an interest. 62 Ill. App. 2d 274, 278, 210 N.E.2d 626, 628.

We agree with the *Dato* court that this provision did not authorize school districts to intervene as of right. *Dato,* however, did not mention the provision of the School Code which then and now provides that the directors of each school district are a body politic and corporate which may sue or be sued wherever judicial proceedings are had. (Ill. Rev. Stat. 1977, ch. 122, par. 10—2.) In *Board of Education v. County of Woodford* (1974), 19 Ill. App. 3d 1078, 312 N.E.2d 724, the court noted that *Dato* did not discuss this general grant of authority. The court distinguished *Dato* by differentiating between having the capacity to bring a lawsuit and having a direct interest which is sufficient to establish the right to a remedy. (19 Ill. App. 3d 1078, 1081, 312 N.E.2d 724, 726.) The court held that the board of education had the capacity to bring the suit and remanded the case for a determination on the merits as to the sufficiency of the school board's interest.

We agree with *Woodford* that the School Code's general grant of authority allows a board of education to sue or be sued in zoning cases. It logically follows, therefore, that if the board of education had the capacity to bring the instant suit, then it should have the capacity to intervene. *Cf. Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 324 N.E.2d 406 (board of education was allowed to participate as an intervenor).

Defendants argue that the provision which allows school boards to appear and present evidence before zoning commissions reflects the legislative intent to restrict participation by school boards in zoning matters. We reject this argument because we view the provision as underscoring legislative concern for protecting school systems from the

adverse effects of zoning changes. We believe that this provision augments the powers authorized by the School Code.

■■ We conclude that where, as here, the school board has a direct, substantial interest in the outcome of the zoning litigation which is not adequately protected by existing parties, then intervention as of right is appropriate.

Accordingly, we reverse the dismissal of the complaint and the denial of leave to intervene and remand for further proceedings.

Reversed and remanded.

McGILLICUDDY, P. J., and McNAMARA, J., concur.