HINCKLEY-BIG ROCK SCHOOL DISTRICT NO. 429, Plaintiff-Appellant, *v.* THE VILLAGE OF SUGAR GROVE *et al.*, Defendants-Appellees.

Second District   No. 81-596

Opinion filed April 23, 1982.

Richard L. Cooper, of Geneva, for appellant.

Thomas W. Grant, of Yorkville, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Hinckley-Big Rock School District No. 429 (hereafter District) appealed from the judgment of the circuit court of Kane County dismissing its complaint for a declaratory judgment in which it asked that an annexation ordinance of the village of Sugar Grove and the consequent rezoning of certain property be declared invalid. The District also asked for an injunction enjoining a proposed development of certain land pursuant to such annexation ordinance.

The District has territory in Big Rock Township and in the village of Hinckley, and its territorial boundary is adjacent to the western boundary of the township of Sugar Grove, in which is situated the village of Sugar Grove.

In November of 1980, a tract containing 75 acres of land lying within the District and within Big Rock Township, which had previously been zoned F-Farming, was annexed to the village of Sugar Grove under an ordinance of that village authorizing such annexation and rezoning the tract for development into 83 residential lots and 11 acres of light industrial use. The District contends that this violates the official plan of Kane County, which calls for low density housing with lots of 40,000

square feet. In its complaint the District alleged that under the pre-annexation agreement between the village of Sugar Grove and the owner of the 75-acre tract, the landowner would try to disconnect the tract from the District and annex it to another school district, Kaneland School District No. 302, by which the plaintiff District would lose acreage which contributes substantial revenue to the District, since the disconnection would diminish the assessed valuation of the District.

The defendant, village of Sugar Grove, and the owner and developer of the tract of land in question, moved to dismiss the suit for declaratory judgment on the ground that the action was improper, since an annexation of contiguous territory by a municipality can only be questioned by a writ of *quo warranto*, not, as here, by a declaratory judgment suit. The basis of this contention is found in *Edgewood Park #2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill. 2d 241, which was a suit in declaratory judgment by a homeowners' association to contest the act of the sanitary district in annexing certain residential territory and incorporating it into the sanitary district. The complaint, as here, sought a declaration that the annexation passed by the sanitary district was invalid and further sought an injunction to restrain the sanitary district from asserting jurisdiction over the territory and collecting service charges therein. The circuit court dismissed the suit and the appellate court affirmed, holding that the suit was improper because *quo warranto* is the proper remedy for questioning an annexation by a municipal corporation. The supreme court on appeal upheld the decision of the appellate court, holding that the only form of action for questioning an annexation was by *quo warranto*. The supreme court said that a declaratory judgment action is not a concurrent remedy.

In its motion to dismiss, the defendant, village of Sugar Grove, relies on the *Edgewood Park* case and other Illinois cases holding likewise. (See *Schallau v. City of Northlake* (1979), 82 Ill. App. 3d 456; *People ex rel. Kirby v. City of Effingham* (1976), 43 Ill. App. 3d 360.) The District counters with the argument that what it is actually aiming at in this suit is not to question the annexation—which it concedes can only be done by *quo warranto*—but rather to question the Sugar Grove Zoning Ordinance and that the present suit is "a zoning suit patterned after the complaint and concept of *Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392." In that case, Barrington Hills brought a suit in declaratory judgment challenging the annexation of certain unincorporated land by the Village of Hoffman Estates and its rezoning for the purpose of building thereon a large outdoor theatre. Barrington Hills and South Barrington, also a plaintiff, are within 1½ miles of the proposed construction. The appellate court affirmed the trial court's dismissal of the

suit on the ground that the allegations of the plaintiffs that they would suffer additional expense, pollution of their air and diminution of property values was not sufficient to constitute them aggrieved persons having a real interest, since they did not allege that they would be required to furnish water, sewer or any other service to the proposed outdoor theatre and that, therefore, they lacked standing to maintain the suit. Upon review, the supreme court reversed, holding that the appellate court's view of the matter had been too narrow and that the effects of Hoffman Estates' rezoning on Barrington Hills and South Barrington portended "direct, substantial and adverse effects upon the plaintiff municipalities in the performance of their corporate obligations, thus giving them a real interest in the subject matter of the controversy." 81 Ill. 2d 392, 398.

The District relies heavily on the Barrington Hills case; however, we see important differences between that case and the one we consider here While the District contends this suit is a zoning suit, it appears from the wording of the complaint itself that the District is primarily concerned with the question of annexation—specifically, with the prospect of the land in question being detached from the District. The annexation agreement is attached to and made a part of the complaint and one of the allegations in the complaint is as follows:

> "The Pre-Annexation Agreement contemplates that the owner of the property in question will endeavor to disconnect the property from Hinckley-Big Rock School District 429 and annexing it to Kaneland School District 302. If successful, the Hinckley-Big Rock School District would lose acreage that contributes substantial revenue and no children to the District by diminishing the assessed valuation of the District. * * *"

Thus, it appears that the prospect of losing territory which produces tax revenue without any children to serve is a main concern of the District, and this is clearly not a zoning consideration.

Moreover, in *Barrington Hills*, the contemplated zoning was for a very intensive and unusual use which would clearly cause changes and dislocations in the community without any corresponding advantage to the plaintiff municipalities. In the case before us, the contemplated use is a reasonable and normal one—mostly single-family residential and a few acres of light industrial occupancy—not the intensive and possibly disruptive use anticipated in the *Barrington Hills* case.

We feel, therefore, that the *Barrington Hills* case is not a helpful precedent in deciding the question here before us, even if the present case is considered as a challenge to the zoning of the land in question, rather than as a challenge to the annexation. In its order dismissing the District's

complaint in declaratory judgment, the trial court also ruled that as a matter of law the village's zoning ordinance "supercedes the County Zoning Plan and cannot be attacked by the Plaintiffs."

While contending that the present action was properly dismissed as a suit questioning an annexation through the impermissible method of a declaratory judgment suit, rather than by quo warranto, the village raises the preliminary question of the District's standing to question the zoning ordinance of the village. The village relies on this court's decision in *Dato v. Village of Vernon Hills* (1965), 62 Ill. App. 2d 274. In that case, we ruled that school districts had no right to intervene in a zoning case under the authority of section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 26.1), which delineates the situations in which a party may intervene, and that a 1963 amendment to the Municipal Code—section 11—13—20—giving the school district the right to appear and be heard in any hearing before a zoning commission, did not give the school district authority to intervene in a zoning suit. Two appellate court decisions since then have disagreed with this view. In *Board of Education v. County of Woodford* (1974), 19 Ill. App. 3d 1078, the reviewing court noted that the *Dato* case had not considered a provision in the School Code of 1961— section 10—2 (Ill. Rev. Stat. 1979, ch. 122, par. 10—2), which reads as follows:

"The directors of each district shall be a body politic and corporate, by the name of 'school directors of district No. . . . . . ., county of . . . . . and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had."

The *Woodford* court, in a two-to-one decision, held that the above-quoted section of the School Code (which had not been discussed in the *Dato* case) was authority for the filing of a declaratory judgment suit by the school board in a zoning case, saying:

"In our opinion the grant of power to a school board as a body politic and corporate to sue and be sued in all courts and places where judicial proceedings are had is broad enough to encompass authorization to institute and pursue this litigation." (19 Ill. App. 3d 1078, 1081.)

Justice Simkins dissented, agreeing with *Dato* and questioning the majority's interpretation of section 10—2 of the School Code as giving "a general, unrestricted grant of authority to school districts to engage in litigation concerning zoning * * *." 19 Ill. App. 3d 1078, 1082.

In *Adams v. County of Cook* (1980), 86 Ill. App. 3d 68, the appellate court agreed with the *Woodford* decision. The *Adams* case involved a petition to intervene by a school district whose school was adjacent to property recently rezoned for a special use. The court said:

"We agree with *Woodford* that the School Code's general grant of authority allows a board of education to sue or be sued in zoning cases. It logically follows, therefore, that if the board of education had the capacity to bring the instant suit, then it should have the capacity to intervene." 86 Ill. App. 3d 68, 72.

Even conceding, however, that section 10—2 of the School Code, noted above, the effect of which was not considered in the *Dato* case, is a sufficiently broad grant of authority to give the school district standing to initiate or intervene in a zoning suit, we do not find adequate grounds for such a suit in this case and we are of the opinion the real purpose of the suit is to undo the annexation agreement. We note the inconsistency of the complaint in alleging that "[t]he Pre-Annexation Agreement contemplates that the owner of the property in question will endeavor to disconnect the property from Hinckley-Big Rock School District 429 and annexing it to Kaneland School District 302," while other paragraphs of the complaint alleged the burdens of increased teachers' staff and overcrowding due to the rezoning of the property for single-family residential use. Obviously, if the District really fears that the land in question is going to be detached from its territory following annexation, then it is not going to incur the burdens caused by increased enrollment, such as additional teachers and a new school building.

At oral argument, the possibility of diminished revenue was stressed by counsel as injuring the District's corporate capacity, but this has only to do with the annexation, an issue we agree with the trial court should not be considered in this declaratory judgment suit. While an annexation and subsequent detachment of the territory might diminish the District's revenues, a zoning change is not going to decrease revenue—actually quite the opposite will occur if the land is not detached. The possibility of diminished revenue, therefore, cannot be considered here, since it would only result from the annexation and the present suit cannot be used to challenge the annexation.

Many of the averments in the complaint are general in nature and pertain to a change in the township environment, a variation from the Kane County Official Plan, changes in land use from agricultural to residential, and the anticipated burden on township roads. In view of the withdrawal of the township and the road commissioner from this appeal and disregarding the question of diminished revenue, since it is purely related to annexation, it appears that it is only the prospect of increased school population which might comport with the holding in *Barrington Hills* in causing a substantial and direct effect on the District's corporate capacity. Changes in population patterns in rural communities, however, are commonplace these days and should be anticipated by any school district encompassing undeveloped land. We do not think the inevitable

change in population distribution should be regarded as a basis for invalidating a neighboring municipality's ordinance. In answering the contention in the *Barrington Hills* case that "according plaintiffs standing to sue will invite chaos in the relationships between municipalities and flood the courts with zoning litigation," the supreme court said:

> "Our holding, however, is not so broad, since it conditions a municipality's standing to challenge the zoning decisions of other governmental units upon a clear demonstration that it would be substantially, directly and adversely affected in its corporate capacity." 81 Ill. 2d 392, 397-98.

Clearly, the holding in *Barrington Hills* is not to be interpreted as giving *carte blanche* to school districts to question the zoning ordinances of neighboring municipalities. To give standing to question another governmental unit's zoning the effect on the plaintiff must be adverse, substantial and direct. The only allegations as to rezoning left to the District after eliminating the allegations of the township and the road commissioner and the purely annexation question of diminished revenue, as adversely affecting the District in its corporate capacity are that (a) by increasing enrollment it may necessitate the construction of another school and (b) it may require hiring another teacher or possibly two, at a cost of $12,000 each annually. The averments (c) and (d) in the complaint that it will cost the taxpayers additional taxes and that the District "will be unable to provide an adequate elementary education for the many additional children as required by the Constitution and Statutes of the State of Illinois" we disregard entirely, (c) not being an effect on the corporate capacity of the District and (d) being purely conclusionary, speculative and self-serving.

Nor do we regard the allegation that the District will be required to build a new school building as so adversely, substantially and directly affecting the District in its corporate capacity that it is thereby given standing to challenge the village of Sugar Grove's zoning ordinance. A school district has no right to inhibit a municipality's growth on the ground that a change in zoning would disturb the status quo whereby the District has within its boundaries revenue producing lands without children to serve. This state of affairs is not a vested right to be preserved by litigation. Disregarding the District's unusual situation whereby it receives revenue from land which exacts no service in return, the development of unimproved land normally cannot be counted as such an adverse phenomenon as to amount to a substantial and adverse effect on a school district. In the course of events it is an expected and natural change which thousands of school districts have faced without resorting to suits and injunctions. It is not the privilege of any community having vacant or unimproved land within its borders to be ever free from the unsettling

effects of population growth and economic change. We doubt that the supreme court intended the *Barrington Hills* decision to give a school district power to chill the normal development of contiguous undeveloped land. The possible necessity of building another school building and hiring an extra teacher or two does not seem to us sufficiently adverse, substantial and direct in its effect to overcome the village's right to annex and rezone contiguous rural land for residential use. Even if the case may be regarded as raising a zoning issue, rather than merely challenging an annexation, we think its zoning aspect falls far short of the functional dislocation and economic loss required under *Barrington Hills* to justify challenging a neighboring municipality's zoning ordinance.

The judgment of the circuit court of Kane County dismissing the District's suit in declaratory judgment is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and REINHARD, J., concur.