**BRINDLE, Plaintiff-Appellant, v. HINELY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3765.   Decided September 29, 1955.

Traxler & Beil, Youngstown, for plaintiff-appellant.
William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for defendant in plaintiff's action against defendant to recover damages for personal injuries.

On the evening of July 18, 1952, defendant, a licensed real estate broker, and her husband called by automobile at plaintiff's beauty salon to take plaintiff and her husband to see a house for the purpose of interesting plaintiff and her husband in purchasing it.

Plaintiff alleged in her petition:—

"* * * that the defendant's said motor vehicle was driven to a place near the curb in front of plaintiff's residence, located on the west side of Market Street in the City of Youngstown, Mahoning County, Ohio, and that the defendant was seated in the rear seat of said vehicle; that plaintiff approached said motor vehicle, intending to become a passenger therein for the purposes aforesaid, and as she approached, the defendant, seated as aforesaid, opened the right rear door of said vehicle and beckoned plaintiff to enter; that as plaintiff was entering said vehicle, the defendant carelessly and negligently closed the door before plaintiff was clear of the same, and that the said door, being of heavy con-

struction, slammed against this plaintiff's right ankle, crushing it against the body of said vehicle, and injuring her as follows:

"Her body was thrown, wrenched and twisted. She suffered a severe contusion of the right ankle with injuries to the soft tissues thereof, and injury to the periosteum of the small bones of the right ankle and of the anterior and posterior tendons, muscles and ligaments attached thereto, causing immediate severe pain and swelling, and producing acute tenderness in the fibulo-tibial joint anteriorly, with tenderness about the right sacro-iliac area and along the lower third of the right sciatic nerve and right calf area."

Briefly, but substantially, the evidence discloses that about 8:15 o'clock on the rainy evening of July 18, 1952, defendant's husband, who was driving such automobile south on Market Street, stopped on the westerly side of Market Street in front of plaintiff's beauty salon, where plaintiff and her husband were standing about ten feet from the westerly curb of that street; that after the car was stopped defendant's husband moved to the right of the front seat, and as plaintiff approached unlocked the right rear door of the automobile and opened that door part way; that plaintiff's husband had seated himself in the front seat about the same time as his wife was attempting to seat herself in the back seat of the automobile; and that as thus seated the husbands of the parties were looking ahead when they heard plaintiff call "oh my foot, my foot."

Plaintiff testified that she placed her left foot in the rear portion of the automobile in front of the defendant, and was sitting down when defendant closed the door against plaintiff's right ankle; but admitted on cross-examination that as she attempted to enter the automobile she was not certain whether defendant was holding the door open or not, although it was a little more than half way open as she approached the car.

Defendant denied plaintiff's testimony, and testified that she remained seated directly behind her husband on the left side of the rear seat of such automobile.

By assignments of error plaintiff contends:—

"1. The verdict is not sustained by any evidence.

"2. The judgment of the trial court is contrary to law and against the manifest weight of the evidence.

"3. The trial court erred in not granting plaintiff-appellant a new trial."

Photographs of the automobile introduced in evidence, which would and apparently did demonstrate to the jury the improbability of plaintiff's version of the manner in which she allegedly was injured, coupled with her own conflicting testimony with reference thereto in our opinion justified the jury in rendering a verdict for the defendant, which verdict, together with the judgment of the trial court entered thereon, we can not disturb on the grounds urged by plaintiff.

Plaintiff failed to carry the burden of proving her claim against defendant by the greater weight of the evidence or by the greater weight of the probabilities.

Finally, though not assigned as a ground of error, plaintiff contends

in oral argument for the first time that the charge of the trial judge on the question of compensation was misleading to the jury.

Having reached the conclusion we have with reference to defendant's negligence the error, if any, of the trial judge on compensation is immaterial for the reason that if defendant was not negligent she was not entitled to recover any compensation from plaintiff.

Having reached this conclusion as to plaintiff's negligence and the charge of the trial judge it is unnecessary for us to comment upon the nature or extent of plaintiff's injuries.

The judgment of the court of common pleas is affirmed.

GRIFFITH and NICHOLS, JJ, concur.