ELMHURST-CHICAGO STONE COMPANY *et al.*, Petitioners-Appellees, *v.* VILLAGE OF BARTLETT *et al.*, Respondents-Appellees.—(GEORGE LITCHFIELD *et al.*, Petitioners-Appellants.)

(No. 73-126; ▬▬▬▬▬▬

Second District—March 31, 1975.

Robert J. DiLeonardi, of Des Plaines, for appellant George Litchfield.

Nadelhoffer, Hennessy, Dommermuth, & Brestal, of Naperville, and Concannon, Dillon, Snook & Morton, of Chicago, for appellees Elmhurst-Chicago Stone Company and Allied Asphalt Company.

Mr. JUSTICE A. SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Du Page County, and the pertinent facts which gave rise to it are as follows.

On November 7, 1967, Ordinance No. 67—18 was enacted by the Village of Bartlett which had the effect of zoning as a "manufacturing district" approximately 800 acres of real estate which belonged to the Elmhurst-Chicago Stone Company (hereinafter referred to as Elmhurst). This action by the Village of Bartlett also included the granting of a

variance on a 5-acre portion of the real estate involved so as to permit the operation of an asphalt plant. Prior to the passage of Ordinance No. 67—18 a number of public hearings were had where the following findings of fact were made by the Zoning Board of Appeals:

"(1) the highest and best use of the real estate involved was for the mining of sand and gravel and that the Village needed an operation such as a cement mixing plant and an asphalt plant.

(2) the asphalt plant would be built on a portion of the real estate most remote from the residential areas in or near the Village of Bartlett.

(3) the operation of the cement concrete mixing plant and the asphalt plant would be generally in character with the surrounding area, would be in keeping with the kind of development, would be in the best interest of the community and would not be contrary to the public interest.

(4) evidence presented in public hearings showed that the variations in use of the property would be appropriate in view of the "unique circumstances" of Elmhurst's property and that there would be no diminution in value of surrounding properties or other detrimental results."

In reliance on Ordinance No. 67—18, Elmhurst used its property for extracting gravel and for the production of concrete products. Pursuant to negotiations begun in the year 1972, Elmhurst executed a contract to lease the real estate which is the subject of this suit to Allied Asphalt Company (hereinafter referred to as Allied) for the purpose of constructing and operating thereon an asphalt plant. A permit for the construction of such a plant was obtained from the Illinois Environmental Protection Agency.

On November 6, 1972, Elmhurst and Allied applied to the Village of Bartlett for a permit for authorization to construct an asphalt plant. On November 24, 1972, the Village of Bartlett denied the issuance of such a permit, so subsequently, to-wit, on December 15, 1972, Elmhurst and Allied filed a mandamus action against the Village of Bartlett and its various officials wherein it was prayed that such a permit be ordered by the court to issue. The Village answered the mandamus petition and filed a counterclaim for a declaratory judgment. A hearing was had on the counterclaim of the village on January 8, 1973, at which time the petitioners-appellants in this appeal (hereinafter referred to as the Intervenors) presented to the court both their petition and an argument in support thereof which prayed that they be granted leave to intervene. The petition for leave to intervene alleged that the petitioners were owners of neighboring real estate which would sustain damage, its value

would be diminished and the enjoyment of the same impaired if the asphalt plant were permitted to be constructed and operated. Both the counterclaim of the village and the petition to intervene were denied by the trial court. On January 16, 1973, after hearing on the merits, the trial court entered a judgment decreeing that Elmhurst and Allied were entitled to a writ of mandamus. A writ of mandamus was shortly thereafter issued and a building permit was granted on January 25, 1973. The Village of Bartlett filed a notice of appeal from the January 16, 1973, judgment but later withdrew the same. No notice of appeal was filed by the Intervenors from this judgment, but they have appealed from the order of January 8, 1973, which denied them the right to intervene.

Before we direct our attention to the issue presented for review in this appeal we deem it necessary to note that the Intervenors are the owners of 1,000 acres of real estate and they allege that their property is threatened with special damages should the asphalt plant be constructed. We, however, further note that the plant would be constructed entirely on Elmhurst property and would be buffered from owners of other property in the manner following:

(a) to the north a distance in excess of one mile;

(b) to the east a distance in excess of one mile;

(c) to the south a distance in excess of 1250 feet to the center of Stearns Road; and

(d) to the west a distance in excess of 819 feet; that is a distance of at least 400 feet from the plant site to the eastern boundary of the Elgin, Joliet and Eastern Railway Company right-of-way, which is 100 feet in breadth, and bordered on its west boundary by a 319 foot right-of-way of the Public Service Company of Northern Illinois.

The sole issue presented to this court for review is whether the petitioners-appellants, whom we refer to as the Intervenors, should have been permitted to intervene.

We first direct our attention to those provisions of our Civil Practice Act which relate to intervention:

"§ 26.1. Intervention.

(1) Upon timely application anyone shall be permitted as of right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; * * *

(2) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: * * * (b) when

an applicant's claim or defense and the main action have a question of law or fact in common * * *.

* * *

(5) A person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he proposes to file. In cases in which the allowance of intervention is discretionary, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Ill. Rev. Stat. 1971, ch. 110, par. 26.1(1)(b), (2)(b), (5).

■■ The Intervenors rely upon these statutory provisions and argue that they should have been permitted to intervene as a matter of right. We do not so interpret the statute. The first requirement is that the application to intervene must be timely and secondly it must be determined that the applicant's interest may not be adequately represented by existing parties. We make no observation concerning the timeliness or untimeliness of the Intervenors' application to intervene; however, it is apparent from the record that they failed to show that their interests were not adequately represented by the pleadings already pending. This failure is understandable since the Village of Bartlett through its counterclaim for a declaratory judgment was seeking the same remedy requested by the Intervenors had they been allowed to intervene.

■■ We do not conclude that the Intervenors had an automatic right to intervene, but on the contrary this question was one which was to be determined by the trial court's exercise of its discretion. In so exercising this power of discretion regarding the application to intervene, ergo, did the trial court abuse its discretion? We believe not, and in arriving at this conclusion we are mindful of the geographic picture as far as the asphalt plant was concerned. It was buffered on all sides by vast amounts of Elmhurst property, a large part of which had long been used as a concrete mixing plant. The site of the asphalt plant was also buffered by a railroad right-of-way, a public service right-of-way, and by various roadways. The Intervenors alleged that they "are owners of real estate neighboring upon real estate which is the subject matter of these proceedings." We know of no hard and fast rule as to what distance must separate parties before they cease to be neighbors but in the instant case the Intervenors can only be considered distant neighbors if they are indeed to be included in such a classification.

In support of their contention that the trial court committed error in denying the application to intervene, the Intervenors cite a number of cases. One such case is *Amundson v. City of Chicago*, 44 Ill.2d 491, 256 N.E.2d 1. Our supreme court in *Amundson* affirmed a lower court's grant-

ing of a petition to intervene, but it should be noted that the intervenor was the owner of property immediately adjacent to the property which was the subject of the suit. A like situation prevailed in the case of *Bredberg v. City of Wheaton*, 24 Ill.2d 612, 182 N.E.2d 742, and our supreme court made the further observation that the intervenors being owners of property immediately adjacent to other property which was the subject matter of the suit, were possessed of rights which would be adversely affected and that they had an interest in the litigation which far exceeded that of the general public or other owners in the area. The intervenors further rely on the case of *Oakton-Crawford Corp. v. Village of Skokie*, 28 Ill.App.2d 507, 171 N.E.2d 814. In *Oakton* the plaintiff desired to rezone its property from residential to commercial and accordingly sought a declaratory judgment finding a zoning ordinance void which precluded the construction of a shopping center on two parcels of land. The Village answered as a defendant, and four property owners filed a petition to intervene which was denied by the trial court. On review, this order of a denial to intervene was reversed, and intervention was allowed. The factual differences existing in the case of *Oakton* when compared to those in the instant case are indeed great. In *Oakton* the property of the intervenors adjoined that which was sought to be used as a shopping center and the court found that the intervenors had invested "tens of thousands of dollars for improvements and hundreds of hours in arduous labor in and about their landscaping and gardening in their rear yards * * * in expectation that the abutting property owned by the plaintiff would be developed under the prescribed zoning for single family dwellings."

We fail to find the cases cited by the Intervenors as being applicable to the one now before us. We are concerned with a situation where the Intervenors are for the most part at least a mile away from the asphalt plant and hence cannot categorize themselves as immediate abutting landowners. The zoning ordinance authorizing the building of an asphalt plant has been in existence for more than 5 years and the property used for closely related purposes for a much longer period of time. It is difficult for us to see how the Intervenors can under such circumstances complain as did the homeowners in the case of *Oakton* that they expended large sums of money in reliance on the present zoning regulations and that their rights would be adversely affected by the change of usage which was permitted. Not only do we find that the trial court did not abuse its discretion in denying intervention but to have ruled otherwise may well have opened the door to harassing vexatious suits by persons not aggrieved. See *Garner v. County of Du Page*, 8 Ill.2d 155, 133 N.E.2d 303.

■■ Appellate courts are not loathe to uphold denials of petitions for

leave to intervene even where an adverse decision on the merits in the primary proceedings would bind the intervening applicant. (See *Byrne Organization, Inc. v. Cantin,* 16 Ill.App.2d 31, 147 N.E.2d 465; *County of Cook v. Triangle Sign Co.,* 40 Ill.App.2d 202, 189 N.E.2d 25.) It is apparent that each case must be decided on the basis of the facts presented and in examining the facts present in the instant case we can only conclude that the Intervenors did not possess sufficient interest in the subject matter of the controversy between Elmhurst and the Village of Bartlett to warrant this court in finding that the denial to intervene was an abuse of discretion by the trial court.

For the reasons set forth the order of the circuit court of Du Page County denying leave to intervene is affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.