# Illinois Official Reports

## Appellate Court

*In re Application of the County Treasurer & ex officio County Collector*,
2017 IL App (1st) 152951

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR for Order of Judgment and Sale of Land and Lots Upon Which All or Part of the General Real Estate Taxes Are Delinquent, Including General and Special Taxes, Costs, and Interest, Pursuant to the Illinois Property Tax Code (Alliance Partners, Ltd., an Illinois Corporation, Petitioner-Appellee, v. William Monroe and Caroline Reed, Intervenors-Appellants). |
| District & No. | First District, Second Division<br>Docket No. 1-15-2951 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | March 31, 2017<br><br>May 11, 2017<br>May 16, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-COTD-002365; the Hon. Susan Fox Gillis, Judge, presiding. |
| Judgment | Reversed in part, vacated in part, and remanded. |
| Counsel on Appeal | Jones Day, of Chicago (Morgan R. Hirst, Daniel V. Bradley, and Veronica K. Couzo, of counsel), for appellants. |

Carter Legal Group, P.C. (Terry J. Carter and Eric H. Wudtke, of counsel), and Law Offices of Heather Ottenfeld (Heather A. Ottenfeld, of counsel), both of Chicago, for appellee.

Panel      JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Pierce and Mason concurred in the judgment and opinion.

## OPINION

¶ 1  After the circuit court entered an order directing the county clerk to issue a tax deed to Alliance Partners, Ltd., two occupants of the property subject to the deed filed a petition to intervene, alleging that they received no notice of the proceedings for a tax deed and asking the court to vacate the order for a tax deed. We hold that the trial court abused its discretion when it dismissed the petition to intervene without holding an evidentiary hearing and the court erred by dismissing the petition to vacate the order for a tax deed without an evidentiary hearing. We reverse and remand for further proceedings in accord with this order.

¶ 2              BACKGROUND

¶ 3  On January 8, 2014, Thomas Soriano purchased a property in Chicago at a scavenger sale for unpaid taxes. The property had three commercial units and twelve residential units. Soriano transferred his interest in the property to Alliance. On July 2, 2014, Alliance filed a petition for a tax deed to the property. Alliance served notice of the petition on the owners, two commercial tenants, and an entity called "Ross Management," which Alliance served with process at an address in Glen Ellyn, Illinois. No one responded to the petition.

¶ 4  On December 11, 2014, Alliance filed an application for an order directing the county clerk to issue a tax deed for the property. At the hearing on the application, held January 8, 2015, Judd Harris, an attorney for Alliance, testified that no one had redeemed the property and the redemption period had expired. Harris said, "There was a company called Ross Management that has a sign at the subject property. And so we directed service to them." He added,

> "[W]e also observed that the residential units are completely vacant in this building. *** [T]he residential units appeared to be completely vacant when we visited that property."

¶ 5  The circuit court, on February 23, 2015, entered an order directing the county clerk to issue a tax deed for the property to Alliance. Two months after the hearing on the application for a tax deed, on March 9, 2015, Alliance filed an application for an order of possession for the property. It sent notice of the hearing on the application to the owner, the two commercial tenants, and to seven persons listed as residents of five separate residential units on the property. Alliance offered no explanation for the conflict between the notice and Harris's testimony that the residential units were vacant. On March 27, 2015, the court entered the order of possession Alliance sought.

¶ 6      Alliance did not immediately seek to enforce the order of possession. On August 4, 2015, Alliance filed a motion to extend the order of possession. William Monroe and Caroline Reed, as occupants of the property, came to court to object to the motion. The court stayed proceedings to allow Monroe and Reed to seek legal counsel.

¶ 7      On September 17, 2015, Monroe and Reed, with the assistance of counsel, jointly filed a document titled "Petition for Leave to Intervene Instanter; Motion to Quash Service and Vacate Order of Possession/Response to Plaintiff's Motion to Extend the Order of Possession," seeking relief from the order for issuance of a tax deed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). They alleged that Monroe lived in one unit on the property and Reed lived in a different unit on the property. Neither received notice of the petition for a tax deed or the application for an order directing the clerk to issue a tax deed. Reed admitted that on March 16, 2015, she received notice of the hearing on the application for an order of possession, but she alleged that Soriano, acting as an agent for Alliance, told Reed that she did not need to attend the hearing because Alliance would permit all occupants to remain in the building.

¶ 8      Monroe alleged that he received no notice about the transfer of ownership or the order of possession until July 23, 2015, when an agent working for Alliance sent notice of new ownership. Monroe alleged that Soriano told Monroe that Alliance would send him a new lease for his unit.

¶ 9      After hearing arguments on the motions, but hearing no evidence, the circuit court entered an order dated September 18, 2015, in which the court upheld as valid the initial tax deed and extended the order of possession. The court denied the petition of Monroe and Reed in all respects, "except for leave to intervene for arguments made" on the date of the hearing, September 18, 2015. The court additionally granted Monroe and Reed leave to file their petition with signed supporting documents. Only the attorney for Monroe and Reed had signed the petition, and the supporting documents bore no signatures. Monroe and Reed did not amend the filed petition or the supporting documents. Instead, they filed a notice of appeal, seeking reversal of the order denying them leave to intervene and vacatur of the order for a tax deed and the order of possession.

¶ 10                      ANALYSIS

¶ 11                      Jurisdiction

¶ 12      Alliance argues that we lack jurisdiction over the appeal because the court did not finally deny the petition to intervene. The bystander's report for the hearing on September 18, 2015, approved by the circuit court, states that on September 18, "the Court issued a final order on the merits *** denying Mr. Monroe and Ms. Reed's Petition to Intervene." The court clarified that Monroe and Reed had permission, as possible intervenors, to argue in favor of the petition for intervention and for the other arguments made on September 18. The court also gave Monroe and Reed an opportunity to supplement the record "by filing a signed copy of Mr. Monroe's unsigned affidavit that had been filed with the original Petition to Intervene." Because the court's order denying leave to intervene also disposed of the section 2-1401 motion and finally disposed of all issues before the court, Supreme Court Rules 301, 303, and 304(b)(3) give this court jurisdiction to decide the appeal. See Ill. S. Ct. Rs. 301 (eff. Feb. 1, 1994), 303 (eff. Jan. 1, 2015), 304(b)(3) (eff. March 8, 2016); *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 496-97 (1998); *Velde Ford Sales, Inc. v. John*

*Bearce Ford, Inc.*, 194 Ill. App. 3d 951, 952 (1990).

¶ 13                                              Petition to Intervene

¶ 14     Monroe and Reed argue that as occupants of the property, they have a statutory right to intervene. See 735 ILCS 5/2-408(a) (West 2014). Section 2-408(a) of the Code of Civil Procedure provides:

> "Upon timely application anyone shall be permitted as of right to intervene in an action: *** (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer." 735 ILCS 5/2-408(a)(2), (a)(3) (West 2014).

¶ 15     The circuit court has discretion to grant or deny a petition to intervene, and we will not disturb the circuit court's decision unless the court abused its discretion. *City of Chicago v. John Hancock Mutual Life Insurance Co.*, 127 Ill. App. 3d 140, 143 (1984). When a petitioner seeks to intervene as a matter of right, "the trial court's discretion is limited to determining timeliness, inadequacy of representation and sufficiency of interest; once these threshold requirements have been met, the plain meaning of the statute directs that the petition be granted." *John Hancock*, 127 Ill. App. 3d at 144. The circuit court held no evidentiary hearing on the allegations of the petition to intervene. In accord with practice relating to motions to strike pleadings, we take as true all well-pleaded allegations of the petition to intervene. *Strader v. Board of Education of Community Unit School District Number 1*, 351 Ill. App. 438, 451 (1953); see *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 475 (1991).

¶ 16     According to the allegations of the petition to intervene, Alliance first notified Reed of the proceedings to transfer ownership in March 2015. Alliance's agent, Soriano, told Reed the proceedings would not affect her interest in the unit she rented. Monroe first received notice in July 2015. Monroe and Reed appeared in court in August 2015 and obtained counsel who helped them file their petition to intervene in September 2015. Alliance did not object to the petition as untimely, and the circuit court did not find the petition untimely. We find that Monroe and Reed timely filed their petition to intervene. See *John Hancock*, 127 Ill. App. 3d at 144.

¶ 17     As occupants of the property, Monroe and Reed have interests that give them a statutory right to notice of proceedings for a tax deed. 35 ILCS 200/22-10 (West 2014); *In re Application of the County Treasurer*, 347 Ill. App. 3d 769, 778 (2004). The order for possession and subsequent eviction notice sufficiently show a potential adverse effect of the judgment on the interests of Monroe and Reed. For each, the "possessory interest in a unit of the subject building, is more tangible and immediate than the interest of the public at large." *John Hancock*, 127 Ill. App. 3d at 146. Accordingly, we find that Monroe's interest in the property and Reed's interest in the property give them a right to intervene in the proceedings.

¶ 18     The owners made no effort to protect any interest in the property. No one other than Monroe and Reed opposed Alliance or represented the property's occupants. Thus, Monroe and Reed sufficiently alleged that no party adequately represented their interests. Because Monroe and Reed adequately pleaded facts that met the requirements of section 2-408(a), the circuit court abused its discretion when it denied their petition for leave to intervene in the proceedings without hearing any evidence to rebut the allegations of the petition. Accordingly,

we reverse the order of September 18, 2015, insofar as the circuit court denied the petition for leave to intervene. *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 299 (1995).

¶ 19                                    Section 2-1401 Petition

¶ 20    The circuit court also denied Monroe and Reed's petition insofar as they sought relief from the judgment awarding Alliance a tax deed to the property. Monroe and Reed's interests in the property give us jurisdiction to consider their appeal from the denial of the section 2-1401 petition. *Citicorp Savings*, 269 Ill. App. 3d at 299-300.

¶ 21    When a section 2-1401 petitioner seeks to vacate a judgment as void, the petition presents a purely legal issue, and we review the denial of the petition *de novo*. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47. "Because we are called upon to review the trial court's dismissal of the section 2-1401 petition, we must assume the truth of the uncontradicted factual allegations contained in the section 2-1401 petition." *Cartwright v. Goodyear Tire & Rubber Co.*, 279 Ill. App. 3d 874, 883 (1996).

¶ 22    A section 2-1401 petitioner may obtain relief from an order for a tax deed (1) if the tax purchaser or his or her assignee obtained the tax deed by fraud or deception or (2) if a party holding a recorded interest in the property was not named as a party in the publication notice and the tax purchaser or his or her assignee "did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30." 35 ILCS 200/22-45(4) (West 2014).

¶ 23    According to the petition, Monroe and Reed lived on the property. Harris testified that "the residential units are completely vacant in this building" and "the residential units appeared to be completely vacant." Less than two months later, he sent notices to seven persons identified as tenants of five separate units on the property. The allegations and the evidence support the inference that Harris testified deceptively, in that when he testified in January 2015, he apparently knew either that he had done no investigation that would have discovered if any of the units still had occupants, or that the property still had several occupants.

¶ 24    Alliance argues that it did not act deceptively because it provided notice in accord with the statute when it sent notice of proceedings to Ross Management in Glen Ellyn. See 35 ILCS 200/22-15 (West 2014). We do not see how such notice excuses apparently false testimony from its witness.

¶ 25    Moreover, Harris's testimony does not show compliance with notice requirements of section 22-15. Section 22-15 provides that "[i]f the property sold has more than 4 dwellings or other rental units, and has a managing agent or party who collects rents, that person shall be deemed the occupant and shall be served with notice instead of the occupants of the individual units." 35 ILCS 200/22-15 (West 2014). Harris testified that "There was a company called Ross Management that has a sign at the subject property." Alliance presented no evidence that Ross Management collected rents for the property. Alliance presented no evidence of what the sign at the property said.

¶ 26    "Whether an individual has the status of managing agent depends on several factors, including whether the interests of the individual 'are identified with those of his principal and on the nature of his functions, responsibilities and authority ***.' " *Crimm v. Missouri Pacific R.R. Co.*, 750 F.2d 703, 708 (8th Cir. 1984) (quoting *Terry v. Modern Woodmen of America*,

57 F.R.D. 141, 143 (W.D. Mo. 1972)). Ross did not respond to the notices it received. Alliance presented no evidence that Ross acted as managing agent for the property. Merely leaving a sign on a property does not make one a managing agent for the property. See *City of Mattoon v. Mentzer*, 282 Ill. App. 3d 628, 630-31, 636 (1996). Thus, Alliance has not shown compliance with sections 22-10 and 22-15 of the Property Tax Code. 35 ILCS 200/22-10, 22-15 (West 2014).

¶ 27　　We find that Monroe and Reed adequately alleged grounds to have the court vacate the order for the tax deed, pursuant to section 2-1401. Therefore, we reverse the dismissal of Monroe and Reed's section 2-1401 petition. Because the order for possession depends on the validity of the order for tax deed (35 ILCS 200/22-40(c) (West 2014)), we vacate the order for possession and remand for further proceedings on the petition to intervene and for relief under section 2-1401.

¶ 28　　　　　　　　　　　　　　　　　　　CONCLUSION

¶ 29　　Monroe and Reed filed a timely petition for leave to intervene, and in the petition they sufficiently alleged facts showing that they meet the requirements of section 2-408(a) for intervention as of right. The circuit court abused its discretion when it denied the petition to intervene. The petition also included allegations that support the inference that Alliance failed to comply with the notice requirements stated in section 22-10 of the Property Tax Code and that Alliance presented arguably false testimony to persuade the court to order the clerk to issue a tax deed. Accordingly, we reverse the dismissal of the section 2-1401 petition to vacate the order for the tax deed. We also vacate the order of possession, and we remand for proceedings in accord with this order.

¶ 30　　Reversed in part, vacated in part, and remanded.